## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 178

**FAUST LUMBER CO. v. UNION LUMBER CO.**

Ohio Appeals, 7th Dist., Trumbull County
Decided Nov. 8, 1923

17. ACCORD AND SATISFACTION—No accord and satisfaction held to exist where a party attempts to set up the settlement of an undisputed claim as accord and satisfaction of a disputed claim.

FARR, J.

Epitomized Opinion
First Publication of this Opinion

This was an action by the Union Wholesale Lumber Co. against the Faust Lumber Co. to recover the sum of $773.60. The former company had been doing business with the latter company for a considerable length of time when, in November, 1918, the Wholesale Company placed an order with the Faust Lumber Co. for a car load of lumber consigned to a firm in Connecticut. Through some mistake the Faust Company duplicated the order, and sent two cars. At the time the Wholesale Lumber Company had advanced considerable money to the Faust Company and the Faust Company deducted from these advancements the amount of the two cars. Later the Faust Company sent the Wholesale Co. a check for $793.80. Later on they sent another check for $130.00, together with a statement marked "check for $130.00 is enclosed which balances account with you." These checks were retained by the Wholesale Company and considerable correspondence passed between the parties in regard to the duplication of the order in question. Several months later the Wholesale Co. brought an action against the Faust Co. to recover the amount deducted for the additional car load of lumber. As the judgment was rendered for the plaintiff, the defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. There was no accord and satisfaction as a part of the account stated was not in dispute and about which there was no controversy, i. e., the Faust Company could not use an undisputed claim and the payment thereof to bring about a settlement of a disputed claim, and thereby require the acceptance of the terms proposed by it.

Attorneys—Warren Thomas and C. H. Woodworth, for Faust Lumber Co.; Moore, Barnum & Hammond, for Union Wholesale Lumber Co.

No. 179

**FURLONG et al v. MOORE et al**

Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 19, 1923

755. MECHANICS LIEN—Lien created from performance, two months after main work was done, of a few hours' work within 60 days of filing lien.

ROBERTS, J.

Epitomized Opinion
First Publication of this Opinion

Furlong et al filed a suit against Moore et al containing two counts; one for work and labor and the other to foreclose a mechanics lien. Judgment was rendered on the first cause of action and subsequently a hearing was had on the foreclosure suit. Testimony showed that the work was for plumbing in a house and that part of the work was performed in May and part in June. The evidence was in sharp conflict, however, on the question as to whether plaintiffs performed three or four hours of work on August 8 of the same year. This point was material, for the reason that the lien was filed within 60 days from August 8 but was not filed within 60 days from last date of work done in June. As the trial court found for the plaintiff, defendants appealed. In sustaining the order of the lower court, the Court of Appeals held:

1. While the evidence was in conflict as to whether the plaintiffs performed a few hours of work on August 8, yet there was ample evidence on this point to warrant the lower court in finding for plaintiffs.

Attorneys—Moore, Barnum & Hammond, for Furlong et al; J. M. Modarelli, for Moore et al; all of Youngstown.